# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Case No. 17-cv-01400-RM

PANORAMA CONSULTING SOLUTIONS, LLC,

    Plaintiff,

v.

RICHARD ARMITAGE,
RICHARD FARRELL,
BRIAN POTTS,
PATRICIA G. STEELE,
LIBERTY TECHNOLOGY ADVISORS, INC.,

    Defendants.

___

# ORDER
___

    Pending before the Court are Plaintiff Panorama Consulting Solutions, LLC's ("plaintiff") Motion for Protective Order (ECF No. 14), Motion for Limited Expedited Discovery (ECF No. 15), and Motion for Forthwith Hearing (ECF No. 16). In these three motions, plaintiff asserts that it has attempted to confer with defendants Richard Armitage ("Armitage"), Richard Farrell ("Farrell"), Brian Potts ("Potts"), Patricia Steele ("Steele"), and Liberty Technology Advisors, Inc. ("LTA") (collectively "defendants"), and most of the defendants have expressed opposition to the relief sought, while one defendant has not responded. In any event, none of the defendants have appeared in this case, nor have they filed any responses to the motions. Nonetheless, the Court is able to rule on the motions based upon the current record, and does so *infra*.

The Motion for Limited Expedited Discovery (ECF No. 15) is DENIED. Plaintiff appears to accurately portray the legal standard for considering whether expedited discovery is appropriate—namely, the standard is a showing of good cause to depart from the usual discovery procedures. (*See* ECF No. 15 at 2.) However, plaintiff is wrong in asserting that it has shown good cause. Plaintiff asserts that depositions are necessary so plaintiff can determine the extent of defendants' alleged misappropriation and breaches of contract. (*Id*. at 3.) Plaintiff asserts that all of the defendants have relevant information to their claims, some of which is unknown to plaintiff. (*Id*. at 5.)

Plaintiff may be perfectly correct. Assuming that even some of plaintiff's allegations in the Complaint are accurate, defendants likely possess information relevant to this case and perhaps even information that is currently unknown to plaintiff. That is generally the situation in most cases however. And plaintiff makes no attempt to explain why circumstances in this case dictate that discovery begin one week after this case was filed. The Court is obviously aware that a preliminary injunction hearing has been set in this case for June 23, 2017, but none of the discovery requests plaintiff makes are narrowly tailored to the purpose of furthering a preliminary injunction. Rather, it is evident that plaintiff's requests are tailored to acquiring information that will further their claims. There is notably no restriction on the scope of information that could be sought under plaintiff's expedited discovery process. *See Icon Health & Fitness, Inc. v. Johnson Health Tech North America, Inc.*, 201 WL 13136539, at *2 (D. Utah Mar. 1, 2011) (finding that the stated purpose of the requested expedited discovery was to "probe" the allegations made in the defendant's opposition to a preliminary injunction).

It is difficult to assess what discovery could be considered narrowly tailored to the preliminary injunction hearing at this point because not one o the defendant's have responded to the motion for preliminary injunction. Nor should they have, given that the Court gave them until June 19, 2017 to respond. (*See* ECF No. 10 at 10.) As a result, at the very least, the Court will not be allowing any discovery, expedited or otherwise, until the June 19, 2017 deadline has passed. If that day should come and pass without a response, then there will be little need for discovery because the allegations in the Verified Complaint can be assumed as true. *See Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1146 (10th Cir. 2013) (explaining that allegations in a verified complaint that are not contested can be deemed admitted for purposes of a preliminary injunction). To the extent plaintiff wishes to amend its Complaint (such as to add recently learned information about Potts), plaintiff can do so. *See* Fed.R.Civ.P. 15(a)(1).

If, however, June 19, 2017 should pass with a response to the motion for preliminary injunction being filed, then plaintiff will be in a much better position to request narrowly tailored discovery related to addressing arguments made in the opposition, rather than engaging in the fishing expedition that the motion for expedited discovery would currently allow. In that regard, plaintiff's belief, that the expedited discovery envisaged in its motion would not have delayed the June 23, 2017 hearing, was hopelessly detached from reality. There was simply no way that all of the discovery plaintiff requested could be obtained before June 23, not least because one of the defendants has not even been served yet.

With that in mind, to the extent (after a response has been filed to the motion for preliminary injunction) plaintiff believes that expedited discovery is necessary, plaintiff should anticipate that the hearing on its preliminary injunction will have to be postponed, pursuant to

3

Fed.R.Civ.P. 65(b)(2).  In addition, any delay to the preliminary injunction hearing may result in a commensurate increase in the security supporting the temporary restraining order.

For these reasons,[1] the Court DENIES the Motion for Limited Expedited Discovery (ECF No. 15).  The Motion for Protective Order (ECF No. 14) is DENIED AS MOOT because no discovery has been allowed.  The Motion for Forthwith Hearing (ECF No. 16) is DENIED.

**SO ORDERED.**

DATED this 15th day of June, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[1] The Court notes that plaintiff's request for defendants' electronic equipment to be turned over for forensic review would have been rejected even if the rest of the requests were narrowly tailored.  The Court, literally six days ago, denied that exact same request in denying the motion for temporary restraining order in part.  (*See* ECF No. 10 at 8.)  To the extent plaintiff believed otherwise, the Court has not changed its mind.