**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Case No. 17-cv-01400-RM

PANORAMA CONSULTING SOLUTIONS, LLC,

    Plaintiff,

v.

RICHARD ARMITAGE,
RICHARD FARRELL,
BRIAN POTTS,
PATRICIA G. STEELE,
LIBERTY TECHNOLOGY ADVISORS, INC.,

    Defendants.

_____

## ORDER
_____

These matters come before the Court with Plaintiff Panorama Consulting Solutions, LLC's ("plaintiff") Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction ("the PI motion") (ECF No. 2), and Defendants Richard Farrell ("Farrell"), Brian Potts ("Potts"), and Liberty Technology Advisors, Inc. ("LTA") (collectively "the LTA defendants") Motion to Dissolve ("the motion to dissolve") (ECF No. 33) the Temporary Restraining Order entered on June 9, 2017 ("the TRO") (ECF No. 10). The LTA Defendants have also filed a response in opposition to the PI motion (ECF No. 32), which Defendant Richard Armitage ("Armitage") has joined. (ECF No. 46.) A hearing on the PI motion and the motion to dissolve was held on July 7, 2017 ("the PI hearing")—28 days after entry of the TRO.

For all the reasons stated at the PI hearing, which are substantially condensed below, the PI motion and motion to dissolve are GRANTED IN PART and DENIED IN PART.

**I.     Legal Standard**

A request for injunctive relief requires the movant to show: (1) irreparable harm if the injunction is not granted; (2) a substantial likelihood of success on the merits; (3) its injury outweighs possible harm to the adverse party if the injunction is granted; and (4) the injunction would not be contrary to the public interest. *Thomas v. Carson*, 30 F. App'x 770, 772 (10th Cir. 2002) (citing *ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999)).

**II.    Discussion**

Plaintiff seeks a preliminary injunction to prevent the LTA defendants and Armitage from using plaintiff's confidential information and trade secrets, and to prevent Potts, Farrell, and Armitage from breaching confidentiality, non-solicitation, and/or non-competition agreements with plaintiff.[1]  (ECF No. 2 at 5.)[2]

**A.     Substantial Likelihood of Success on the Merits**

In its Amended Complaint, plaintiff brings claims for (1) misappropriation of trade secrets in violation of the Defend Trade Secrets Act ("DTSA"), (2) misappropriation of trade secrets in violation of the Colorado Uniform Trade Secrets Act ("CUTSA"), (3) breach of contract, (4) tortious interference with contractual relations and prospective business relations, (5) civil conspiracy to

---

[1] Plaintiff also sought similar relief with respect to Defendant Patricia Steele, but, on July 6, 2017, plaintiff filed a Notice of Settlement with Steele. (ECF No. 67.)  As a result, evidence pertaining to Steele was not introduced at the PI hearing, and the TRO has now expired with respect to her.

[2] The Court uses the page numbers assigned by the CM/ECF system in the top-right hand corner of the pertinent pleading, rather than any page numbers at the bottom of the same.

commit tortious interference, (6) conversion, (7) civil theft, (8) breach of the duty of loyalty, (9) computer fraud in violation of 18 U.S.C. § 1030, and (10) destruction of company property. (ECF No. 43 at 15-24.)

As explained at the PI hearing, the thrust of the evidence presented goes to the misappropriation, breach of contract, tortious interference, and civil conspiracy claims (Claims One through Five). Although evidence was presented of damaged property, as explained, that claim (Claim Ten) has no bearing on the instant analysis because there is no activity to enjoin with respect to the same. As for plaintiff's other claims (Claims Six through Nine), there was simply no evidence presented (or argument made) to support them. Therefore, the Court finds that there is not a substantial likelihood of success on the merits as to Claims Six through Nine.

### 1. Potts

The totality of the evidence introduced against Potts is that he took a box or boxes that may have contained plaintiff's confidential information, and during the length of his employment with plaintiff he acquired knowledge of plaintiff's business methods and strategies, which he may use in a new job with LTA. As explained, the highly speculative nature of (i) whether Potts has taken any information and (ii) the chances of him using any acquired knowledge is simply far too short of creating a substantial likelihood of success with any of the claims against Potts. There is no evidence that Potts acquired trade secrets by improper means, that Potts had used or disclosed trade secrets, that Potts has breached any provision of his employment agreement with plaintiff, that Potts has induced anyone to breach an agreement with plaintiff, or that Potts engaged in a conspiracy with the other LTA defendants to harm plaintiff.

As a result, with respect to Potts, the PI motion is DENIED, the motion to dissolve is GRANTED, and the TRO is DISSOLVED.

### 2. LTA

No evidence was presented remotely indicating that LTA has acquired or used any of plaintiff's trade secrets. Instead, the evidence was focused upon Armitage's, Farrell's, and Potts' purported acquisition of such information—with no indication that any of the information they may have acquired had been supplied to LTA. Therefore, there is currently no likelihood of success on plaintiff's trade secret claims against LTA. There was also no evidence of LTA having engaged in a conspiracy with Armitage, Farrell, and/or Potts to interfere with plaintiff's business or contracts. The Court acknowledges that the evidence shows LTA having employed or offered employment to at least three (and likely more) employees or former employees of plaintiff. Nonetheless, whether those events point merely to coincidence or, instead, coordination (with intent) is entirely up in the air as things stand. Moreover, the evidence does not show that LTA sought to breach any of plaintiff's employment agreements—to the extent they are valid, which is mentioned in more detail *infra*—or that any of plaintiff's business or customers have been interfered with. Therefore, the Court does not find a substantial likelihood of success on the merits of Claims Four and Five against LTA.

As a result, with respect to LTA, the PI motion is DENIED, the motion to dissolve is GRANTED, and the TRO is DISSOLVED.

### 3. Farrell

The totality of the evidence against Farrell is that in March 2017 he emailed one of plaintiff's documents to his personal email account, and at the start of April 2017 he did the same thing with another of plaintiff's documents. It is against plaintiff's policy for an employee to email documents to a personal email account because company documents should be available via a system called

Sharepoint and/or on the local drive of an employee's company-issued computer. The reliability of Sharepoint is disputed, however, and other employees may have used their personal email to share or distribute company documents.

Whether there was a legitimate (or at least not illegitimate) reason for Farrell emailing himself plaintiff's documents is open to debate. Nonetheless, plaintiff has presented no evidence that Farrell acquired those documents by improper means. Notably, the two acts of personal emailing took place at least a couple of weeks *before* Farrell first interviewed with LTA, which Farrell testified happened in the third week of April. At some point, plaintiff may be able to obtain evidence that Farrell's contact with LTA began at the time of his emails, but, right now, nothing negative can be drawn from the timing of Farrell's personal emails. That being said, the Court notes that Farrell's explanation for the emails has shifted, which may suggest a loose relationship with the truth, or at least a need to be reminded of the truth. But, as things, stand, that problem casts no shadow on the lack of evidence of an improper means in Farrell emailing plaintiff's documents to himself. The Court also finds that, as yet, there is no evidence that Farrell has breached any provision of his employment agreement with plaintiff, interfered with any of plaintiff's business relationships, or conspired with the other LTA defendants. Therefore, the Court does not find a substantial likelihood of success on the merits of any of plaintiff's claims against Farrell.

As a result, with respect to Farrell, the PI motion is DENIED, the motion to dissolve is GRANTED, and the TRO is DISSOLVED.

### 4. Armitage

As explained, the evidence against Armitage is of a more substantial character. The evidence shows that Armitage emailed himself multiple documents at the end of April 2017 and the start of June 2017, and at least some of those documents appear to have little relationship to the work he did

5

for plaintiff. Further, Armitage testified that he interviewed with LTA in early April, and the interview was preceded by telephone calls with LTA. Although there is no evidence that Armitage has used or disclosed the emailed documents, the Court believes that the circumstantial evidence presented at the hearing is sufficient to reach a substantial likelihood of success with respect to Armitage acquiring plaintiff's trade secrets (which the evidence indicates at least some of the emailed documents contain) by improper means. It is a close question, but, as of now, having assessed all of the evidence, including Armitage's in-person testimony, the Court finds that the question tips in plaintiff's favor as to the misappropriation of trade secrets claim.

The same is not true of plaintiff's claims for tortious interference and civil conspiracy against Armitage. As with the LTA defendants, there is no evidence that Armitage has interfered with any of plaintiff's business relationships or conspired with anyone to do so. As for Armitage's employment agreement, there, arguably, could be a substantial likelihood of success on the merits of this claim, given that Armitage may have misappropriated plaintiff's trade secrets. However, there is not a substantial likelihood that this claim will reach the *merits*. As explained, there are simply too many questions going to whether the agreement itself is valid. Put another way, there is not a substantial likelihood that plaintiff will succeed through each of those questions unscathed, and, at this juncture, the Court is not prepared to speculate what form any surviving agreement may take. Therefore, the Court does not find a substantial likelihood of success against Armitage with respect to Claims Three through Five.

B. **Remaining Factors as to Armitage**

The Court finds that a monetary remedy would not be effective in remedying Armitage's potential misappropriation of plaintiff's trade secrets. *See Port-a-Pour, Inc. v. Peak Innovations,*

*Inc.*, 49 F. Supp. 3d 841, 872 (D. Colo. 2014) ("when a defendant possesses trade secrets and is in position to use them, harm to the trade secret owner may be presumed.") (quotation and internal quotation omitted). The Court further finds that the balance of hardships weighs in plaintiff's favor because the Court is merely requiring Armitage to comply with the law. For similar reasons, the Court finds that injunctive relief is not contrary to the public interest.

As a result, with respect to Armitage, the PI motion is GRANTED IN PART and DENIED IN PART, and the motion to dissolve is GRANTED IN PART and DENIED IN PART.

**The TRO is converted to a preliminary injunction against Armitage on the following terms only: Armitage is enjoined from directly or indirectly accessing, using, disclosing, or making available to any person or entity (other than plaintiff) any of plaintiff's confidential, proprietary, or trade secret information. In all other respects, the TRO is dissolved against Armitage.** The security bond will remain unchanged.

### III. Conclusion

For the reasons set forth herein, the Court GRANTS IN PART and DENIES IN PART the Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2), and GRANTS IN PART and DENIES IN PART the Motion to Dissolve Temporary Restraining Order (ECF No. 33).

**SO ORDERED.**

DATED this 10th day of July, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge